UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEHMAN BROTHERS HOLDINGS INC., et al.

                           Plaintiffs,

-v-

JP MORGAN CHASE BANK,

                           Defendant.

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/11/2014
```

No. 11-cv-6760 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On August 4, 2014, the Court granted Defendant's request to withdraw the reference to the bankruptcy court for purposes of the parties' contemplated motions for summary judgment. (Doc. No. 45.) As part of that Order, the Court directed the parties to submit a joint proposed briefing schedule for the motions by August 8, 2014. (*Id.*)

The Court is now in receipt of the parties' joint letter, dated August 8, 2014, wherein they propose a staggering motion schedule that calls for more than 600 pages of legal briefs spread over seven months, along with an unlimited quantity of exhibits, affidavits, and deposition designations. (Doc. No. 46.) Clearly, the parties have misconstrued the purpose of Rule 56, which is "to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) ("[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."). Instead, the parties contemplate a sort of trial on written submissions. Needless to say, the Court cannot endorse

the parties' proposal. Accordingly, IT IS HEREBY ORDERED THAT the parties shall comply with the following schedule for their summary judgment motions:

| | |
|---|---|
| September 15, 2014 | Opening briefs, not to exceed 40 pages, for all summary judgment motions; |
| October 15, 2014 | Responsive briefs, not to exceed 40 pages; |
| October 31, 2014 | Reply briefs, not to exceed 20 pages. |

The parties shall each be limited to a total of eight affidavits, which shall not exceed fifteen double-spaced pages, in support of or in opposition to all summary judgment motions. Additionally, the parties shall be limited to a total of twenty-five exhibits, including exhibits attached to an affidavit, in support of or in opposition to any motion. Each exhibit shall be limited to twenty-five pages, and documents that have already been docketed, such as the Complaint, need not be re-submitted as exhibits.

If the parties wish to exchange briefs in advance of filing to resolve potential confidentiality issues, they may do so. However, briefs and attachments shall be publicly filed on the dates set forth above. To the extent any party wishes to file sealed or redacted versions of their submissions and supporting documents, they must seek and obtain Court permission in advance of filing and must overcome the presumption of open records set forth in *Lugosch v. Pyramid Co. of Onondaga*. 435 F.3d 110, 119–20 (2d Cir. 2006).

SO ORDERED.

Dated: August 11, 2014
New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE