UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/23/2015

LEHMAN BROTHERS HOLDINGS INC., *et al.*

                        Plaintiffs,

   -v-

JP MORGAN CHASE BANK,

                        Defendant.

No. 11-cv-6760 (RJS)
ORDER

RICHARD J. SULLIVAN, District Judge:

On September 30, 2015, the Court issued an opinion and order granting Defendant's motion for summary judgment on all but six claims and denying Plaintiffs' motion for summary judgment in its entirety. (Doc. No. 100 ("Order").) Specifically, the Court found that Defendant did not violate the terms of the parties' contracts by requesting additional collateral to secure its credit advances, that the parties' contracts were valid, and that the relevant collateral transfers did not constitute actual fraudulent conveyances. Further, the Court found that Defendant did not lose its lien over $6.9 billion of collateral when it transferred those funds into a Cash Collateral Account. The Court, however, denied summary judgment on six counts in Plaintiffs' complaint, including: (1) claims that, because Lehman was insolvent in the days leading up to its bankruptcy, the September Transfers should be avoided as wrongful transfers made for the purposes of obtaining a right to set off in violation of Section 553(a)(3) of the Bankruptcy Code or as transfers designed to otherwise improve JPMC's credit position with respect to LBHI in violation of Section 553(b) of the Bankruptcy Code (Counts 26 and 28); (2) claims that Defendant violated the Bankruptcy Code's automatic stay provision when it applied funds comprising the collateral under the September Agreements to set off its own claims against the LBHI estate arising from other agreements between

the parties, including derivative contracts, securities lending agreements, and repurchase agreements with LBHI affiliates (Count 33); and (3) the remedial claims associated with the above-listed allegations (Counts 29 and 30). (*See* Order at 30–31.) As part of that Order, the Court directed the parties to submit a joint letter regarding their availability for trial and the prospects for settlement in this matter. (*Id*. at 31.)

The Court is now in receipt of the parties' joint letter, dated October 16, 2015, wherein Plaintiffs request that the Court enter final judgment with respect to those claims now dismissed by the Bankruptcy and District Courts pursuant to Rule 54(b) of the Federal Rules of Civil Procedure or, in the alternative, remand the case for a trial before the Bankruptcy Court. (Doc. No. 101.) Defendant opposes both requests. (*Id.* at 7.) The parties also note that they are available for trial at the Court's convenience and cannot now evaluate the prospects for settlement. (*Id*. at 8.)

## I. RULE 54(B) FINAL JUDGMENT

As a general matter, courts of appeals have jurisdiction only over "final decisions of the district courts." 28 U.S.C. § 1291. As a result, a decision that "adjudicates fewer than all the claims or rights and liabilities" is not a final decision that a party may directly appeal. Fed. R. Civ. P. 54(b). Rule 54(b), however, provides, in relevant part:

> When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay.

Three factors, therefore, govern application of the Rule: "(i) whether multiple, separate claims exist, (ii) whether one of them has been finally determined, and (iii) whether there is no just reason for delay of an appeal." *Banco Central Del Paraguay v. Paraguay Humanitarian Foundation, Inc.*, No. 01-cv-9649 (JFK), 2008 WL 2951681, at *1 (S.D.N.Y. July 28, 2008). In order to satisfy the

requirement that there be "no just reason for delay," the party seeking the entry of judgment must demonstrate "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Ansam Assoc., Inc. v. Cola Petroleum, Ltd*., 760 F.2d 442, 445 (2d Cir. 1985). Even where each of these conditions is met, however, the decision regarding whether to enter partial final judgment is "left to the sound discretion of the district court" and is "to be exercised in the interest of sound judicial administration." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (internal quotation marks omitted); *see also Sun, et al. v. China 1221, Inc., et al.*, No. 12-cv-7135 (RJS), 2015 WL 5544257, at *2 (S.D.N.Y. Sept. 17, 2015). The Second Circuit has cautioned that "[r]espect for the historic federal policy against piecemeal appeals requires that a Rule 54(b) certification not be granted routinely." *Advanced Magnetics, Inc. v. Rayfront Partners, Inc.*, 106 F.3d 11, 16 (2d Cir. 1997). Moreover, "[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991).

Here, it is clear that the first and second requirements of Rule 54(b) have been met, since 43 out of the 49 causes of action originally alleged in this action have been dismissed. With respect to the third requirement, Plaintiffs argue that, if Plaintiffs were to prevail on appeal, "any result from a trial [on the six remaining claims] would almost certainly be vacated or dramatically modified . . . necessitating a second trial on those same claims" and that "because revival of certain of Plaintiffs' claims by the Second Circuit would create rights to a jury that do not exist on the remaining claims, Plaintiffs' success on appeal could require trials of the same fact issues before two different fact finders." (Doc. No. 101 at 3.) These points, however, do not establish that there is "no just reason

3

for delay" of Plaintiffs' contemplated appeal.  Clearly, the desire to obtain some degree of certainty as to the outcome of a litigation or avoid multiple trials is not sufficient to justify a Rule 54(b) certification.  *See Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir. 1992) (noting that certification of immediate appeal to avoid the possible need for a later retrial is inconsistent with the federal policy against piecemeal appeals); *In re J.P. Morgan Chase Cash Balance Litig.*, No. 06-cv-732 (HB), 2007 WL 2177019, at *3 (S.D.N.Y. July 31, 2007) (addressing and dismissing the desire for finality).  Indeed, these same concerns are present in most actions in which a court has granted summary judgment with respect to some but not all claims.  *See Hogan v. Consol. Rail Corp.*, 961 F.2d 1021, 1026 (2d Cir. 1992).  Moreover, a desire to avoid the possibility of different determinations by different factfinders, if a right to a jury trial were to arise, is not sufficiently compelling to overcome the general federal policy against piecemeal appeals, since any jury could be instructed on the law of the case as decided in a prior bench trial, and the Court's conclusions regarding the post-bankruptcy claims currently proceeding to trial are not inextricably intertwined with the pre-bankruptcy conduct that informs Plaintiffs' central, now-dismissed claims.  Accordingly, the Court concludes that an immediate appeal is neither necessary nor appropriate in this matter.

## II.  REFERRAL TO THE BANKRUPTCY COURT

Plaintiffs alternatively claim that if the Court denies their request to certify a final judgment with respect to the dismissed claims, the Court should then refer the case to the Bankruptcy Court for trial.  Defendant responds that it "will be happy to provide the Court with full briefing on [this] matter[] if the Court so wishes" but notes in its submission that it "does not believe that Plaintiffs' claims of improper setoff under Bankruptcy Code section 553 . . . are subject to final adjudication

4

by the Bankruptcy Court." (*Id.* at 8.)   While the Court is pleased at Defendant's cheerful willingness to brief this jurisdictional issue, it is difficult to fathom Defendant's failure to include its legal argument in the parties' joint letter.   Accordingly, Defendant is directed to submit a supplemental letter setting forth the bases for its assertion that the Bankruptcy Court lacks authority to adjudicate Plaintiffs' claims under Section 553.

III. Conclusion

For the reasons set forth above, IT IS HEREBY ORDERED THAT Plaintiffs' request that the Court enter final judgment with respect to the now-dismissed claims is DENIED.   The Court, however, reserves judgment on Plaintiffs' request that the Court refer this matter to the Bankruptcy Court for trial.   Rather, Defendant shall make a letter submission by October 30, 2015 setting forth its arguments with respect to whether the Bankruptcy Court has jurisdiction to adjudicate Plaintiffs' claims of improper setoff under Bankruptcy Court Section 553.   Plaintiffs shall submit their letter response by November 6, 2015.

SO ORDERED.

Dated:      October 23, 2015
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE

5